

**United States Department of Justice**

United States Attorney
Southern District of West Virginia

Robert C. Byrd United States Courthouse
300 Virginia Street, East
Suite 4000
Charleston, WV 25301
1-800-659-8726

Mailing Address
Post Office Box 1713
Charleston, WV 25326
304-345-2200
FAX: 304-347-5104

August 24, 2021

L. Thompson Price, Esq.
604 Virginia Street, East
Charleston, WV 25301

      Re:   United States v. Kristen Naylor-Legg
            Criminal No. 2:21-cr-00062-2 (USDC SDWV)

Dear Mr. Price:

    This will confirm our conversations with regard to your client, Kristen Naylor-Legg (hereinafter "Ms. Legg"). As a result of these conversations, it is agreed by and between the United States and Ms. Legg as follows:

    1.   **PENDING CHARGES**. Ms. Legg is charged in two counts of a three-count second superseding indictment as follows:

        (a)   Count One charges Ms. Legg with a violation of 18 U.S.C. §§ 1591(a) and (c) and 1594(a) (conspiracy to engage in sex trafficking); and

        (b)   Count Three charges Ms. Legg with a violation of 18 U.S.C. §§ 1591(a), (b)(1), (b)(2), and (c) (sex trafficking).

    2.   **RESOLUTION OF CHARGES**. Ms. Legg will plead guilty to Count One of said indictment, which charges her with a violation of 18 U.S.C. §§ 1591(a) and (c) and 1594(a) (conspiracy to engage in sex trafficking of a minor). Following final disposition, the United States will move the Court to dismiss Count Three in Criminal No. 2:21-cr-00062-2 as to Ms. Legg.

                                              *KNL*
                                           Defendant's
                                           Initials

3. **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Ms. Legg will be exposed by virtue of this guilty plea is as follows:

(a) Imprisonment for a period of up to life;

(b) A fine of $250,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

(c) A term of supervised release of 5 years to life;

(d) A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013 and $5,000 pursuant to 18 U.S.C. § 3014; and

(e) An order of restitution pursuant to 18 U.S.C. §§ 1593, 3663, and 3664, or as otherwise set forth in this plea agreement.

4. **SPECIAL ASSESSMENT.** Ms. Legg has submitted certified financial statements to the United States reflecting that she is without sufficient funds to pay the special assessment due upon conviction in this case. Ms. Legg agrees that, if incarcerated, she will join the Inmate Financial Responsibility Program, earnings from which will be applied toward payment of the special assessment.

5. **RESTITUTION.** Ms. Legg understands that, pursuant to 18 U.S.C. § 1593, the Court shall order restitution to the victim in this case for full amount of the victim's losses, if any. Ms. Legg further agrees to pay such restitution, with interest as allowed by law, to the fullest extent financially feasible. In aid of restitution, Ms. Legg further agrees as follows:

(a) Ms. Legg agrees to fully assist the United States in identifying and locating any assets to be applied toward restitution and to give signed, sworn statements and

_KNL_  
Defendant's Initials

    testimony concerning assets upon request of the United States.

  (b) Ms. Legg will fully complete and execute, under oath, a Financial Statement and a Release of Financial Information on forms supplied by the United States and will return these completed forms to counsel for the United States within seven calendar days from the date of the signing of this plea agreement.

  (c) Ms. Legg agrees not to dispose of, transfer or otherwise encumber any real or personal property which she currently owns or in which she holds an interest.

  (d) Ms. Legg agrees to fully cooperate with the United States in the liquidation of assets to be applied towards restitution, to execute any and all documents necessary to transfer title of any assets available to satisfy restitution, to release any and all right, title and interest she may have in and to such property, and waives her right to exemptions under the Federal Debt Collection Procedures Act upon levy against and the sale of any such property.

  (e) Ms. Legg agrees not to appeal any order of the District Court imposing restitution unless the amount of restitution imposed exceeds $10,000 per victim. However, nothing in this provision is intended to preclude the Court from ordering Ms. Legg to pay a greater or lesser sum of restitution in accordance with law.

  6. **ABANDONMENT OF PROPERTY.** Ms. Legg hereby agrees to release, relinquish, waive or abandon to the United States or to the state of West Virginia any and all right, title and interest she may have in certain items seized from her on September 22, 2020, that is, one (1) Apple iPhone 11, serial number C6KC4VNZN72N, IMEI number 356542107260672. The property hereby abandoned by the

_____  
Defendant's Initials

defendant under this paragraph will be destroyed or otherwise disposed of by federal, state or local law enforcement officers according to the law.

    7. **PAYMENT OF MONETARY PENALTIES**. Ms. Legg authorizes the Financial Litigation Program in the United States Attorney's Office to obtain a credit report from any major credit reporting agency prior to sentencing in order to assess her financial condition for sentencing purposes. Ms. Legg agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Ms. Legg further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

    Ms. Legg authorizes the United States, through the Financial Litigation Program, to submit any unpaid criminal monetary penalty to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of the defendant's payment status or history at that time.

    In addition to any payment ordered by the Court, Ms. Legg shall pay all monies received from any source other than earned income, including but not limited to, lottery winnings, gambling proceeds, judgments, inheritances, and tax refunds, toward the court ordered restitution or fine.

    Ms. Legg agrees that if she retains counsel or has appointed counsel in response to the United States' efforts to collect any monetary penalty, she shall immediately notify the United States Attorney's Office, Attention: Financial Litigation Program, P.O. Box 1713, Charleston, West Virginia 25326-1713, in writing and shall instruct her attorney to notify FLP immediately of her

*KNL*
_____
Defendant's Initials

representation.

8. **COOPERATION**. Ms. Legg will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Ms. Legg may have counsel present except when appearing before a grand jury. Further, Ms. Legg agrees to be named as an unindicted co-conspirator and unindicted aider and abettor, as appropriate, in subsequent indictments or informations.

9. **USE IMMUNITY**. Unless this agreement becomes void due to a violation of any of its terms by Ms. Legg, and except as expressly provided for in paragraph 11 below, nothing contained in any statement or testimony provided by her pursuant to this agreement, or any evidence developed therefrom, will be used against her, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

10. **LIMITATIONS ON IMMUNITY**. Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Ms. Legg for any violations of federal or state laws. The United States reserves the right to prosecute Ms. Legg for perjury or false statement if such a situation should occur pursuant to this agreement.

11. **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Ms. Legg stipulate and agree that the facts comprising the offense of conviction include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit A."

_KNL_  
Defendant's Initials

Ms. Legg agrees that if she withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by her, and she is subsequently tried for her conduct alleged in the second superseding indictment, as more specifically described in the Stipulation of Facts, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Ms. Legg or of any of her witnesses, or in rebuttal of any testimony introduced by her or on her behalf. Ms. Legg knowingly and voluntarily waives, see <u>United States v. Mezzanatto</u>, 513 U.S. 196 (1995), any right she has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

The United States and Ms. Legg understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

12. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Ms. Legg knowingly and voluntarily waives her right to seek appellate review of her conviction and of any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742. Ms. Legg also knowingly and voluntarily waives any right to seek appellate review of any claim or argument that (1) the statutes of conviction (18 U.S.C. §§ 1591 and 1594) are unconstitutional, and (2) Ms. Legg's conduct set forth in the Stipulation of Facts (Plea Agreement Exhibit A) does not fall within the scope of 18 U.S.C. §§ 1591 and 1594. Ms. Legg may appeal the following:

    (a) a sentence that exceeds the maximum penalty prescribed by statute; and

_____  
Defendant's Initials

    (b)    a decision by the District Court, pursuant to the Sentencing Guidelines or 18 U.S.C. § 3553(a), to make an "upward departure" or "upward variance" from the total offense level calculated by the District Court or the guideline range corresponding to that level.

The United States also waives its right to seek appellate review of any sentence of imprisonment or fine imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742, except:

    (a)    a sentence that is below the minimum penalty, if any, prescribed by statute; and

    (b)    The United States may appeal a decision by the District Court, pursuant to the Sentencing Guidelines or 18 U.S.C. § 3553(a), to make a "downward departure" or "downward variance" from the total offense level calculated by the District Court or the guideline range corresponding to that level.

Ms. Legg also knowingly and voluntarily waives the right to challenge her guilty plea and conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

13. **WAIVER OF FOIA AND PRIVACY RIGHT**. Ms. Legg knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of

_KNL_  
Defendant's Initials

Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

14. **SEX OFFENDER REGISTRATION REQUIREMENT.** Ms. Legg understands and acknowledges that under the Federal Sex Offender Registration and Notification Act, she must register as a sex offender and keep the registration current in each of the following jurisdictions: where she resides, where she is an employee and where she is a student. Ms. Legg understands that the federal registration requirement and any state registration requirement may apply throughout her life. Ms. Legg further understands that the requirement to keep the registration current includes informing at least one of the aforementioned jurisdictions not later than three days after any change of name, residence, employment or student status. Ms. Legg understands that failure to comply with these obligations subjects her to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

15. **FINAL DISPOSITION.** The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

(a) Inform the Probation Office and the Court of all relevant facts and conduct;

(b) Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

(c) Respond to questions raised by the Court;

(d) Correct inaccuracies or inadequacies in the presentence report;

(e) Respond to statements made to the Court by or on behalf of Ms. Legg;

_KNL_
_____
Defendant's
Initials

    (f)  Advise the Court concerning the nature and extent of Ms. Legg's cooperation; and

    (g)  Address the Court regarding the issue of Ms. Legg's acceptance of responsibility.

16. **VOIDING OF AGREEMENT.** If either the United States or Ms. Legg violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

17. **ENTIRETY OF AGREEMENT.** This written agreement constitutes the entire agreement between the United States and Ms. Legg in this matter. There are no agreements, understandings or recommendations as to any other pending or future charges against Ms. Legg in any Court other than the United States District Court for the Southern District of West Virginia.

Acknowledged and agreed to on behalf of the United States:

                              LISA G. JOHNSTON
                              Acting United States Attorney

By:     */s/ Jennifer Herrald*
                              JENNIFER RADE HERRALD
                              Assistant United States Attorney

                                                          KNL
                                                      _____
                                                      Defendant's
                                                       Initials

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this 10-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement.  I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____          _____
Kristen Naylor-Legg                      Date Signed: 8-25-21
Defendant

_____          _____
L. Thompson Price, Esq.                  Date Signed: 8/25/21
Counsel for Defendant

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON

**UNITED STATES OF AMERICA**

v.  CRIMINAL NO. 2:21-cr-00062-2

**KRISTEN NAYLOR-LEGG**

## STIPULATION OF FACTS

The United States and KRISTEN NAYLOR-LEGG stipulate and agree that the facts comprising the offense of conviction (Count One in the Second Superseding Indictment) include the following:[1]

### DEFENDANT'S FACTUAL BASIS FOR GUILTY PLEA

Between approximately June 8 and June 12, 2020, I entered into an agreement with LARRY ALLEN CLAY, JR., regarding Victim 1, a girl I knew to be 17 years old at the time. Per the agreement between CLAY and myself, I agreed to obtain, provide, and transport Victim 1 to locations in and around Gauley Bridge, Fayette County, West Virginia, to meet CLAY, with the understanding that CLAY would pay me $50 per occasion to engage in sexual activity with Victim 1.

---

[1] This Stipulation of Facts and Factual Basis for Guilty Plea does not contain each and every fact known to KRISTEN NAYLOR-LEGG and to the United States concerning her involvement and the involvement of others in the charges set forth in the Second Superseding Indictment.

**PLEA AGREEMENT EXHIBIT A**

On two occasions between June 8 and June 12, 2020, I did obtain, provide, and transport Victim 1 to two different locations (one in Cane Branch, Fayette County, and a second in Gauley Bridge) where we met CLAY. For the Cane Branch encounter, I transported Victim 1 to the meeting location in a Hyundai vehicle.[2] I also used my cell phone to arrange these encounters with CLAY. On both occasions I provided Victim 1 to CLAY, who then engaged in sexual intercourse with Victim 1. Following the Cane Branch encounter, CLAY gave me $100 in United States currency as payment for the sexual intercourse with Victim 1. Although CLAY and I had agreed that he would pay me $50 in United States currency in exchange for the second encounter, he did not provide me with any money after engaging in sexual intercourse with Victim 1.

Stipulated and agreed to:

_____    8-25-21
KRISTEN NAYLOR-LEGG                Date
Defendant

_____    8/25/21
L. THOMPSON PRICE, ESQ.            Date
Counsel for Defendant

_____    9-14-21
JENNIFER RADA HERRALD              Date
Assistant United States Attorney

---

[2] The parties stipulate that no Hyundai vehicles are manufactured in the state of West Virginia and the vehicle had therefore traveled in interstate or foreign commerce.

**PLEA AGREEMENT EXHIBIT A**
2