IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v.                                            CRIMINAL ACTION NO. 2:21-cr-00062-02

KRISTEN NAYLOR-LEGG

MEMORANDUM OPINION AND ORDER

Both the defendant and the United States move to file their sentencing memoranda under seal. [ECF Nos. 346, 347]. For the reasons stated herein, both motions are **DENIED**. The court **ORDERS** the parties to file unsealed versions of their sentencing memoranda and the exhibits attached thereto, with redactions in compliance with Local Rule of Criminal Procedure 49.1.1(a).

I. Applicable Law

"[C]ourts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (footnote omitted). "The right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004) (citing *Stone v. Univ. of Md. Med. Sys.*

*Corp.*, 855 F.2d 178, 180 (4th Cir. 1988)). "The distinction between the rights of access afforded by the common law and the First Amendment is 'significant,' because the common law 'does not afford as much substantive protection to the interests of the press and the public as does the First Amendment.'" *Id.* (citations omitted). Thus, "the common law does not provide as much access to the press and public as does the First Amendment." *Id.* (footnote omitted). Regardless of whether the right of access arises from the common law or the First Amendment, however, it may only be abrogated in "unusual circumstances." *Id.* at 576 (citation omitted).

When deciding whether to limit public access to documents, courts must first "'determine the source of the right of access with respect to each document,' because '[o]nly then can it accurately weigh the competing interests at stake.'" *Id.* at 576 (citations omitted). Then, the court "must give the public notice of the request to seal and a reasonable opportunity to challenge the request . . . ." *Id.* In making its decision, the court is required to "consider less drastic alternatives to sealing." For example, the court can seal the document and order that the moving party redact sensitive information and refile the redacted document on the record. *United States v. Harris*, 890 F.3d 480, 492 (4th Cir. 2018). If the court "decides to seal it must state the reasons (and specific supporting findings) for its decision and the reasons for rejecting alternatives to sealing." *Va. Dep't of State Police*, 386 F.3d at 575. This procedure "ensure[s] that the decision to seal materials will not be made lightly and that it will be subject to meaningful appellate review." *Id.*

2

Under the common law, there is a presumption that the public has a right "to inspect and copy '*all* 'judicial records and documents.'" *Id.* at 575 (emphasis added). This presumption "can be rebutted [only] if countervailing interests heavily outweigh the public interests in access." *Id.* (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). When determining whether the presumption is rebutted, the court must apply a balancing test in which it weighs several factors "includ[ing] whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *Id.* (quoting *In re Knight Publ. Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). "The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption." *Rushford*, 846 F.2d at 253.

"In contrast to the common law, 'the First Amendment guarantee of access has been extended only to particular judicial records and documents.'" *Va. Dep't of State Police*, 386 F.3d at 575. If the First Amendment provides a right of access to documents, then the "district court may restrict access 'only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest.'" *Id.* The First Amendment right of access, however, "is not absolute." *Press-Enter. Co. v. Superior Court*, 478 U.S. 1, 9 (1986). The right of access "may give way in certain cases to other rights or interests, such as the defendant's right to a fair

3

trial or the government's interest in inhibiting disclosure of sensitive information." *Waller v. Georgia*, 467 U.S. 39, 45 (1984). "The burden to overcome a First Amendment right of access rests on the party seeking to restrict access." *Va. Dep't of State Police*, 386 F.3d at 575.

"[T]he First Amendment right of access applies to documents filed in connection with plea hearings and sentencing hearings in criminal cases." *In re Wash. Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986); *see also United States v. Alcantara*, 396 F.3d 189, 191–92 (2d Cir. 2005) (holding that "[t]he public and press have a qualified First Amendment right of access to plea and sentencing proceedings"). Accordingly, sentencing memoranda and the exhibits attached thereto should be analyzed under the more stringent standard of the First Amendment. Public access to sentencing hearings and documents filed in connection with sentencing hearings discourages "the prosecutor [and] the court from engaging in arbitrary or wrongful conduct[,]" and "operates to check any temptation that might be felt by either the prosecutor or the court to obtain a guilty plea by coercion or trick, or to seek or impose an arbitrary or disproportionate sentence." *In re Wash. Post Co.*, 807 F.2d at 389.

## II. Discussion

The court finds that neither party has adequately demonstrated why the sentencing memoranda and their attached exhibits should be filed under seal. The defendant explains that the "issues addressed concern psychological data and opinions, as well as a Psychological Report, relating to the Defendant which should

not be made public." [ECF No. 346, at 1]. The Government similarly states that its memorandum "contains sensitive information regarding the defendant's history and characteristics." [ECF No. 347, at 1]. Neither party has identified a "compelling governmental interest" furthered by sealing, much less explained how the denial of access is "narrowly tailored" to serve that interest. *Va. Dep't of State Police*, 386 F.3d at 575. The defendant has not addressed alternatives to sealing, while the United States seems to acknowledge that redaction would be an adequate alternative. *See* [ECF Nos. 346, 347].

In sum, neither the defendant nor the Government has met their respective "burden of showing some significant interest that outweighs the presumption" favoring public access. *Va. Dep't of State Police*, 386 F.3d at 575 (citation omitted). Finding no "unusual circumstances" present, the court **DENIES** the motions to seal.

### III. Conclusion

For the reasons stated, both motions to seal [ECF Nos. 346, 347] are **DENIED**. The court **ORDERS** that the defendant and the United States file unsealed versions of their sentencing memoranda and the exhibits attached thereto. Should either party seek to redact information outside the scope of Local Rule of Criminal Procedure 49.1.1(a), the party should also submit a memorandum explaining why the redactions are justified in light of the First Amendment right of access.

The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: August 28, 2023

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE